RECORD NO. 13-4875

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL GREENE,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

---

**OPENING BRIEF OF APPELLANT
MICHAEL GREENE**

---

J. Clark Fischer
RANDOLPH & FISCHER
407 Summit Street
Winston-Salem, NC 27101
(336) 724-3513
clark@randolphandfischer.com

*Counsel for Appellant*

January 21, 2014

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES ......................... iii

STATEMENT OF APPELLATE JURISDICTION .................... iv

STATEMENT OF ISSUES PRESENTED .......................... 1

STATEMENT OF THE CASE .................................. 2

STATEMENT OF FACTS ..................................... 3

SUMMARY OF ARGUMENT ................................... 3

ARGUMENT:

I.   THE SIXTY YEAR SENTENCE IMPOSED BY THE DISTRICT
     COURT WAS OBJECTIVELY UNREASONABLE AND VASTLY
     EXCEEDED APPROPRIATE PUNISHMENT UNDER 18 U.S.C §3553 .. 4

II.  THE DRACONIAN SENTENCE AGAINST DEFENDANT WAS NOT
     REQUIRED UNDER A PROPER APPLICATION OF THE 18
     U.S.C. § 3553 STANDARDS AND IS SUBSTANTIVELY
     UNREASONABLE .......................................... 4

THE DISTRICT COURT ERRED IN SUMMARILY DENYING
DEFENDANT'S MOTION FOR NEW TRIAL WITHOUT EVIDENTIARY
HEARING ................................................... 7

CONCLUSION ............................................ 10

REQUEST FOR ORAL ARGUMENT ............................. 10

CERTIFICATE OF COMPLIANCE ............................. 12

CERTIFICATE OF SERVICE ................................ 13

**TABLE OF CASES AND AUTHORITIES**

C̲ases

<u>Dorsey v. United States</u>, 132 S. Ct. 2321(2012) ............ 2

<u>United States v. Evans</u>, 526 F. 3d. 155(4th Cir. 2008)..... 4

<u>United States v. Friedman</u>, 658 F. 3d. 342(3d Cir. 2011) ... 5

<u>United States v. Greene</u>(11-4324, 3-17-13) ................. 2

<u>United States v. Susi</u>, 674 F.3d 278(4th Cir. 2012) ........ 4

<u>United States v. Wilson</u>, 624 F. 3d. 640(4th Cir. 2010)..... 7

S̲tatutes

18 U.S.C. sec. 3553(a) ................................... 6

**STATEMENT OF APPELLATE JURISDICTION**

This appeal is taken from a final Judgment of the District Court which disposed of all pending issues. Appeal is taken as a matter of right pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. sec. 1291.

RECORD NO. 13-4875

———————

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*

-vs-

MICHAEL GREENE,

*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

———————

BRIEF OF APPELLANT

———————

## STATEMENT OF ISSUES PRESENTED

WHETHER THE SIXTY YEAR SENTENCE IMPOSED BY THE DISTRICT
COURT WAS OBJECTIVELY UNREASONABLE?

WHETHER THE DISTRICT COURT ERRED IN SUMMARILY DENYING
DEFENDANT'S MOTION FOR NEW TRIAL WITHOUT EVIDENTIARY
HEARING

## STATEMENT OF THE CASE

On April 22nd, 2009, superseding indictment issued against Defendant charging him with one count of conspiracy to distribute crack and powder cocaine and one count of conspiracy to commit armed robbery. (JA. 26-76) Defendant represented himself at trial and was sentenced to life imprisonment following jury verdict of guilty to both counts. (JA. 18) This Court subsequently issued unpublished opinion in United States v. Greene(11-4324, 3-17-13), affirming Defendant's conviction but remanding for resentencing under Dorsey v. United States, 132 S. Ct. 2321(2012). The Court also directed the District Court to hear Defendant's Motion for New Trial based on newly discovered evidence.

Following remand, the case was called for hearing before the Honorable Frank D. Whitney, United States District Judge, on October 7th, 2013. (JA. 174) The District Court denied Defendant's new trial motion without evidentiary hearing, and issued amended judgment sentencing Defendant to imprisonment for 480 months on the drug

conspiracy count and a consecutive term of 240 months on the robbery conspiracy count. (JA. 257)

Defendant gave timely Notice of Appeal November 21st, 2013. (JA. 262)

## STATEMENT OF FACTS

Since the present appeal concerns only issues of law and no evidence was presented at Appellant's resentencing hearing, all pertinent facts are set forth in the Statement of the Case.

## SUMMARY OF ARGUMENT

Given Appellant's age and relative culpability the 720 month sentence imposed by the District Court was objectively unreasonable, particularly when the sentences received by more culpable co-defendant's are considered.

The District Court abused its discretion in denying Appellant's Motion for New Trial without evidentiary hearing, when it appears undisputed that a significant witness in Appellant's drug conviction was a corrupt police officer who was criminally charged for misconduct in office

following Appellant's trial. Evidentiary hearing was required in order for the District Court to make a reasoned decision about the potential impact this evidence could have had on the jury's verdict.

**ARGUMENT**

**I. THE SIXTY YEAR SENTENCE IMPOSED BY THE DISTRICT COURT WAS OBJECTIVELY UNREASONABLE AND VASTLY EXCEEDED APPROPRIATE PUNISHMENT UNDER 18 USC SEC. 3553**

**1.            APPLICABLE STANDARD OF REVIEW**

Appellate review of the substantive reasonableness of a sentence is conducted under an abuse of discretion standard. United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012), United States v. Evans, 526 F. 3d. 155, 160(4th Cir. 2008) A sentence within the applicable Guideline range is presumptively reasonable. Susi, supra, at 289.

**II. THE DRACONIAN SENTENCE AGAINST DEFENDANT WAS NOT REQUIRED UNDER A PROPER APPLICATION OF THE 18 U.S.C. 3553 STANDARDS AND IS SUBSTANTIVELY UNREASONABLE**

The District Court was required to sentence Appellant to a mandatory minimum of 5 years for the Count 1 drug conspiracy with a maximum term of 40 years. (JA. 299) The

4

Count 26 robbery conspiracy count carried a sentence of up to 20 years. As set forth in the Supplement to Presentence Report, Appellant's Guideline sentencing range was 360 months to life. Id. At the time of sentencing Appellant was 32 years old. Given that a sentence at the low end of the Guidelines would have sufficed to keep Appellant behind bars until he was approximately 60 years old, Appellant submits that the 720 months meted out by the District Court was both excessive and unnecessarily punitive. The "meaningful consideration" that sentencing courts are required to give to 3553's directives would have resulted in a substantially lesser prison term. See generally, United States v. Friedman, 658 F. 3d. 342(3d Cir. 2011).

The following factors illustrate why Appellant's sentence was excessive:

1)As set forth in the following section of the brief, it is clear that Appellant's drug conviction was tainted, at least to some degree, by the involvement of a corrupt police officer in the investigation of that charge.

2) From the factual summary set forth in the original Presentence Report, it does not appear that Appellant was a leader or supervisor of the drug conspiracy at issue. (JA. 271-2)

3) The robbery that underlay the Count 26 conviction was never consummated. (JA. 272-3)

4) Defendant's criminal history resulted in 10 criminal history points and a Record level of V. This record, while undeniably extensive, is far from the worst the Court has seen.

5) As set forth in the Resentencing Memorandum filed by Appellant's trial counsel, the fourteen co-defendants in the present case were sentenced to prison terms ranging from 41-384 months.(JA. 126) The apparent leader of the conspiracy, Jason Campbell, was sentenced to 210 months, less than a third of the prison time which Appellant received. Id. While certainly each case must be considered on its own merits, a major principle of 18 U.S.C. sec. 3553(a) is the notion that justice requires that unwarranted sentence disparities between related defendants should be avoided. It seems incongruous that Michael Greene, undeniably neither a leader nor supervisor of any drug operation, should receive a sentence substantially greater than any other co-defendant.

    Based on the foregoing, the position advanced by trial counsel that the thirty year sentence required at the low end of the Sentencing Guidelines would have well satisfied the principles encompassed by 18 USA sec. 3553(a) appears

6

well-reasoned. To sentence Appellant to 720 months went far beyond application of the 3553 factors and was needlessly punitive on the facts before the Court. However difficult Michael Greene may have been, neither the facts of his convictions nor his criminal history justified a sentence that branded him as "the worst of the worst."


**THE DISTRICT COURT ERRED IN SUMMARILY DENYING DEFENDANT'S MOTION FOR NEW TRIAL WITHOUT EVIDENTIARY HEARING**

**1.                   APPLICABLE STANDARD OF REVIEW**

Appellate review of denial of motions for new trial is conducted under an abuse of discretion standard. <u>United States v. Wilson</u>, 624 F. 3d. 640, 660(4th Cir. 2010)


**2. Appellant's New Trial Motion Raised a Significant Question Regarding the Role of a Corrupt Police Officer in Securing his Drug Conviction Which Could Only Be Resolved by Evidentiary Hearing**

As noted above, this Court's remand order specifically noted that the District Court should hear Defendant's <u>pro se</u> motion for new trial, (JA. 88) That Motion was primarily based on newly discovered evidence, i,e, the subsequent charging of a principal law enforcement witness for misconduct in office and his "loss" of the evidence against Defendant, and was subsequently supplemented by appointed trial counsel. (JA. 77-87)

Defendant asks the Court to consider whether the serious nature of the misconduct discovered following Defendant's trial regarding a the officer who allegedly seized drugs from him casts sufficient doubt on the integrity of the drug conspiracy verdict that a new trial was required in the interest of justice.

Following some back and forth between Defendant and the Court regarding whether there would be evidence to support the motion and whether Defendant's trial counsel should be involved in presenting it, Defendant was ultimately allowed five minutes to personally present his argument. (JA. 175-190) The newly discovered evidence concerned Anson County officer Kevin Mullis, who was involved in the collection and maintenance of the drug evidence against Defendant. From the transcript it appears that Mullis was charged with embezzlement and apparently lost the evidence against Defendant following Defendant's trial. (JA. 196-8) Defendant argued that

> Kevin Mullis stole the evidence back after this Court, Judge Frank Dearmon Whitney, placed a seal and preserve order on that evidence, he still went back and stole the evidence and stole the evidence log to prevent me from being able to prove that he planted this evidence on me."(JA. 192, lines 20-24)

8

Defendant went on to argue that inconsistencies in the former officer's trial testimony should have put the U.S. Attorney's office on notice that there were questions regarding the witness's integrity. (JA. 193) Amazingly enough, the Court noted the apparently undisputed fact that Mullis was also involved in a plot to cover up a murder involving his brother in 2000. (JA. 194)

On rebuttal, the prosecutor proffered that the Government had learned that Mullis had negotiated a plea of guilty to misdemeanor embezzlement based on is misconduct in office.(JA. 196-7) The Government went on to stipulate that former Chief Mullis committed embezzlement in another case, lost evidence in Defendant's case and covered up evidence in the murder case involving Mullis' brother.(JA. 197-8).

The District Court ultimately concluded there was insufficient evidence before it to make a ruling about whether the acknowledged destruction of evidence was merely negligent or was actually committed by Mullis in bad faith. (JA. 197-200)

In denying Defendant's Motion, the District Court ultimately determined that the evidence was "merely impeaching" and was cumulative in light of the other evidence presented.(JA. 210-12) While these may well have

9

been appropriate grounds, in general, to deny a Rule 33 motion, Appellant submits that the nature of Appellant's new evidence raised serious questions about the validity of his drug conviction and, at a minimum, merited more than the five minute presentation allowed. In order to fully and fairly consider the merits of Appellant's motion, evidentiary hearing was required both to fully determine the extent of Mullis' wrongdoing and to determine the impact knowledge of this evidence could have had on the jury's verdict.

## CONCLUSION

For the reasons set forth herein, Appellant requests that the judgment be vacated and the case remanded for an evidentiary hearing on Appellant's Motion for New Trial under Rule 33. Alternatively, Appellant requests that his 720 month sentence be vacated and the case be remanded for a new sentencing hearing.

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant hereby requests oral argument on the issues raised herein.

Respectfully submitted, this the <u>21</u> day of January, 2014.

/s/ J. Clark Fischer
_____
J. Clark Fischer, Attorney for
Appellant
**Randolph and Fischer**
407 Summit Street
Winston-Salem, NC 27101
336-724-3513
NCSB#9217
clarkf@randolphandfischer.com

11

**CERTIFICATE OF COMPLIANCE**

1. This brief has been prepared using twelve point, Courier New typeface, with Microsoft Word 2010.

2. Exclusive of the table of contents, table of authorities, tables of citations, request for oral argument and certificate of service, this brief contains 10 pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

/s/ J. Clark Fischer
_____
J. Clark Fischer, Attorney
for Appellant
**Randolph and Fischer**
407 Summit Street
Winston-Salem, NC 27101
336-724-3513
NCSB#9217

**CERTIFICATE OF SERVICE**

I certify that on this <u>21</u> day of January, 2014, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required copies of **Appellant's Brief** and further certify that I mailed this same date a copy of the foregoing **APPELLANT'S BRIEF** to opposing counsel listed below by first class United States mail, postage prepaid, and the Fourth Circuit ECF system:


        Ms. Amy Elizabeth Ray
        Assistant United States Attorney
        100 Otis Street, Suite 223
        Asheville, NC 28801


                        /s/ J. Clark Fischer
                        _____
                        J. Clark Fischer, Attorney
                        for Appellant
                        **Randolph and Fischer**
                        407 Summit Street
                        Winston-Salem, NC 27101
                        336-724-3513
                        NCSB#9217

13